UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XIAO QING LIU,

                Plaintiff,

    -against-

NYS OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE; NYS Department
of Health, MR. PAUL R. PNENTR; NYC Human
Resources Administration of Social Service,
MR. DAVID SPEGAL; NYC Human Resources
Administration of Social Service, MS. ANN
MARIE SCALIA; NYC Human Resources
Administration of Social Service, MR. NADINE
LOPEZ-FLORES; NYC Human Resources
Administration of Social Service, MR.
RICKMAN-BROWN, ANGELA; NYC Human
Resources Administration of Social Service,
MR. BRITTON, GALE; NYC Human Resources
Administration of Social Service, MR. AFOLABU,
FAT; NYC Human Resources Administration of
Social Service, MR. BRELAND, GINA; NYC
Social Security Administration, MS. WU;
MAXIMUS FEDERAL SERVICE (Independent
Contractor); Fidelis Care, MS. MARY LOUIS
HARREN MATAMOROS; Fidelis Care, Member
Service, MR. RICK E.; Fidelis Care, Member
Service, MS. MARIA H.; and Fidelis Care, Member
Service, MS. LAUREN B.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-5384 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Xiao Qing Liu brings this *pro se* action under 42 U.S.C. § 1983 alleging a violation of her rights under the Fourteenth Amendment. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Complaint is dismissed. Plaintiff is granted thirty (30) days' leave from the date of this Order to file an Amended Complaint.

1

## BACKGROUND

Plaintiff's Complaint is difficult to follow, but it appears that she brings this action in connection with her health insurance plan under Medicaid. Exhibits attached to Plaintiff's Complaint shed some light on her allegations. Plaintiff attaches a Fair Hearing Request Form that she filed with the Office of Temporary and Disability Assistance on July 23, 2021, in which Plaintiff objects to the fact that her health insurance plan was changed from the Medicaid Advantage plan to the new Integrated Benefits for Dually Eligible Enrollees Program (or "IB-Dual") without her knowledge and that she was denied Flex Benefits. (*See* Compl., Dkt. 1, at 14.)

Plaintiff also attaches, *inter alia*, her State of New York Department of Health Decision After Fair Hearing, dated May 2, 2022 (the "Decision"), which found that there was "no issue for the Commissioner to decide." (*Id.* at 25.) This decision also highlights that Plaintiff's plan was changed because her former Medicaid Advantage plan closed, and that the

> evidence, including Appellant's written and verbal testimony, establish that neither the Plan nor the Agency failed to act on a request, or took any action(s) adverse to the Appellant, such as denying, reducing or discontinuing any Medicaid services. This is in accordance with Section 358.1 of the Regulations, which provides that a recipient of Medical Assistance has a right to a fair hearing upon a determination or action of the Agency and the Plan, in this matter, such as a failure to act on a request, or a denial of requested services.

(*Id.* (brackets omitted).)

Plaintiff alleges that the "Decision After Fair Hearing was erroneous," that she had been "waiting for four and a half month[s]," and that the decision "was not supported by substantial evidence on the record and contrary to the law." (*Id.* at 7.) Plaintiff further states that on May 24, 2022, she requested reconsideration of the Decision. (*Id.*; *see also id.* at 36.) Plaintiff also alleges that her "body has been implanted [with] a verichip, so she is on [] alert," and that someone "burglar[ized] plaintiff's home, tampered or deleted computer documents, st[ole] files,

2

[committed] malicious omission of evidence," and "caused great threat, harassment, obstruction and harm to [their] residential security, living security and life security," making it such that "plaintiff can't live in their own home." (*Id*. at 6.) Plaintiff goes on to state that the "[i]llegal implanted chips was [sic] implemented long-term secret surveillance controls to the plaintiff, which causes great harm to hers [sic] body, health, spirit, life, and personality." (*Id.* at 7.) Plaintiff seeks, *inter alia,* for this Court to find that the Decision is "inadmissible evidence," and requests the Court "issue a ban, prohibit[ing] unreasonable searches and stealing [of] files." (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines that action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Federal Rules of Civil Procedure Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *see also Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (same). Here, Plaintiff does not allege facts against each named Defendant. As such, Defendants do not have sufficient information to respond to Plaintiff's claims.

### II. Surveillance Claims

Plaintiff's claim under the Fourth Amendment of the U.S. Constitution also fails as it is frivolous. The Fourth Amendment protects "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Although Plaintiff does not explicitly connect her invocation of the Fourth Amendment to any factual allegations in her Complaint, the Court liberally construes her Fourth Amendment claim to be connected to the allegations that she is under "long-term secret surveillance," and that her home and belongings

have been tampered with. However, even under the very liberal reading afforded to *pro se* pleadings (and even if plaintiff believes them to be true), such allegations can only be described as frivolous and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional."). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Bussie v. IRS Comm'r*, Nos. 16-CV-7006 (MKB), 17-CV-157 (MKB), 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (quoting *Denton*, 504 U.S. at 25). The Court therefore dismisses such claims as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

**III.    Medicaid Benefits Claim**

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Where a plaintiff brings suit "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). In general, procedural due process requires some form of a hearing before a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981).

Historically, federal courts have found Medicaid benefits to be a property interest for the purpose of procedural due process scrutiny. *See, e.g., Bellin v. Zucker*, 6 F.4th 463, 477–81 (2d

Cir. 2021); *see generally Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) ("Social welfare benefits have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause.")  Yet, "where a plaintiff alleges deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts.  If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).  In New York, state law "provides remedies to challenge the deprivation of Medicaid benefits.  A claimant may 'challenge the denial of Medicaid benefits through a fair hearing held before an ALJ.  He [can then seek judicial] review of the ALJ's unfavorable decision in' a proceeding brought in state court under Article 78 of New York Civil Practice Law and Rules ("Article 78 proceeding")." *Holmes v. Health First*, No. 22-CV-6683 (LTS), 2022 WL 4134700, at *6 (S.D.N.Y. Sept. 21, 2022) (citing *Marvin v. Peldunas*, No. 21-1824-cv, 2022 WL 2125851, at *2 (2d Cir. June 14, 2022) (summary order) (citing N.Y.C.P.L.R. §§ 7803, 7804, and N.Y. Soc. Serv. Law § 22(9)(b)).

      Here, the exhibits Plaintiff attaches to the Complaint indicate that Plaintiff has taken advantage of the process provided by New York State, but is simply not satisfied with the outcome.  Plaintiff has the right to appeal the outcome of her Fair Hearing to the Supreme Court of the State of New York under Article 78 of the Civil Practice Law and Rules.  The Court therefore dismisses such claims for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

6

**IV.     Other Claims**

Plaintiff's Complaint invokes the "United States Administrative Procedure Act §706" as a basis for federal court jurisdiction.  (Compl., Dkt. 1, at 5.)[1]  The Administrative Procedure Act ("APA") provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Here, Plaintiff has failed to state a claim because APA claims can only be brought against federal agencies.  *See George v. Gutierrez*, No. 04-CV-3901 (ENV) (LB), 2007 WL 1029002, at *6 (E.D.N.Y. Mar. 28, 2007) ("The APA, which establishes standards governing judicial review of findings made by federal administrative agencies, applies only to federal agencies[.]"); *see also New York et al. v. Atlantic States Marine Fisheries Comm'n*, 609 F.3d 524, 527 (2d Cir. 2010) (holding that plaintiffs are not entitled to APA review because defendant is not a federal agency).

Finally, Plaintiff claims that her lawsuit "is a Civil Action," but also that "it is with the Criminal Case."  (Compl., Dkt. 1, at 5.)  To the extent Plaintiff seeks to bring a criminal action, she cannot do so.  *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also El Bey v. Dogdig*, No. 22-CV-0091 (LTS), 2022 WL 784035, at *2 (S.D.N.Y. Mar. 15, 2022) (explaining that a plaintiff in a civil case cannot initiate a criminal proceeding).

---

[1] Plaintiff also references the "United States Administrative Procedure Act §8902" as a basis for jurisdiction.  (Compl., Dkt. 1, at 5.)  The Court is unaware of such a section of the Administrative Procedures Act.

7

## CONCLUSION

Accordingly, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In light of the obligation to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, within thirty (30) days of this Order. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). Pursuant to Rule 8, Plaintiff must provide a short, plain statement of claim against each defendant named so all defendants have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions alleged in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Plaintiff cannot rely on exhibits or other documents to replace a statement of claim.

Plaintiff is advised that an amended complaint completely replaces the original complaint, so Plaintiff must include in the amended complaint all the necessary information to support her claims. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order: 22-CV-5384 (PKC) (LB).

No summons will issue at this time, and all further proceedings will be stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days from the date of this Order, judgment dismissing this action will be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                      SO ORDERED.

                      */s/ Pamela K. Chen*
                      Pamela K. Chen
                      United States District Judge

Dated: February 13, 2023
       Brooklyn, New York