UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
XIAO QING LIU,

                Plaintiff,

        -against-

NYS FORMER GOVERNOR MR. ANDREW M.
CUOMO; NYS OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE; NYS DEPARTMENT
OF HEALTH; NYC SOCIAL SECURITY
ADMINISTRATION; NYC HUMAN RESOURCES
ADMINISTRATION OF SOCIAL SERVICE; NYC
HUMAN RESOURCES ADMINISTRATION OF
SOCIAL SERVICE; MAXIUMS FEDERAL SERVICE;
FIDELIS CARE CORPORATION (FDLS);
UNITEDHEATHCARE OF NEW YORK, INC.;
HEALTHFIRST, INC. (HF);
PRC MANAGEMENT CORPORATION; and
MK2 OPTICAL, LLC, ET AL.,

                Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-5384 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On February 13, 2023, the Court *sua sponte* dismissed Plaintiff's Complaint (Dkt. 1) for lack of subject matter jurisdiction and granted Plaintiff leave to amend her complaint within 30 days of that Order. (*See* February 13, 2023 Mem. & Order, Dkt. 5.) On March 15, 2023, Plaintiff filed her Amended Complaint (Dkt. 6), which contains several new Defendants and removes a number of named Defendants from her initial Complaint. In the Amended Complaint, Plaintiff seeks to clarify her Medicaid insurance claims and recites the procedural history and details of other court actions in which Plaintiff is involved, including a case brought in the United States District Court for the Southern District of New York. (Dkt. 6, at 7.) Despite the additional context

provided to the Court in Plaintiff's Amended Complaint, the legal claims raised by Plaintiff remain the same and must again be dismissed for lack of subject matter jurisdiction.[1]

Plaintiff's Amended Complaint again attempts to invoke this Court's federal question jurisdiction under 42 U.S.C. § 1983 to allege violations of her Fourth and Fourteenth Amendment rights. Plaintiff's Amended Complaint also again alleges violations of Sections 706(1) & (2) of the Administrative Procedure Act.[2] (*See* Dkt. 6, at 4.) No additional fact alleged in her Amended Complaint cures the deficiencies present in her original Complaint. Therefore, for the same reasons stated in the Court's February 13, 2023 Memorandum and Order, the Court *sua sponte* dismisses Plaintiff's Amended Complaint.

## CONCLUSION

Because this Court has given Plaintiff an opportunity to amend her initial Complaint and Plaintiff still has not stated a cognizable federal claim, her Amended Complaint is dismissed with prejudice. *See Ashmore v. Prus,* 510 F. App'x. 47, 49 (2d Cir. 2013) (holding that denial of leave to amend was proper where barriers to relief for *pro se* plaintiff "cannot be surmounted by reframing the complaint"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that amendment is futile when "[t]he problem with [a plaintiff's] causes of action is substantive" and "better pleading will not cure it."). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would

---

[1] The Court incorporates the discussion from its February 13, 2023 Memorandum & Order (Dkt. 5) regarding the deficiencies of Plaintiff's original Complaint.

[2] In her Amended Complaint, Plaintiff states that her claim falls under 5 U.S.C. § 8902, which deals with the Office of Personnel Management's authority to contract with certain qualified health insurance companies. The Court still finds no basis for jurisdiction in this section of the Code for this action.

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: July 20, 2023
      Brooklyn, New York