UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XIAO QING LIU,

                Plaintiff,

    -against-

NYS FORMER GOVERNOR MR. ANDREW M. CUOMO; NYS OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE; NYS DEPARTMENT OF HEALTH; NYC SOCIAL SECURITY ADMINISTRATION; NYC HUMAN RESOURCES ADMINISTRATION OF SOCIAL SERVICE; NYC HUMAN RESOURCES ADMINISTRATION OF SOCIAL SERVICE; MAXIUMS FEDERAL SERVICE; FIDELIS CARE CORPORATION (FDLS); UNITED HEATHCARE OF NEW YORK, INC.; HEALTHFIRST, INC. (HF); PRC MANAGEMENT CORPORATION; and MK2 OPTICAL, LLC, ET AL.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-5384 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

       Plaintiff filed this action on September 7, 2022. (Dkt. 1.) On February 13, 2023, the Court *sua sponte* dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and granted Plaintiff leave to amend her complaint within 30 days of that Order. (*See* February 13, 2023 Mem. & Order, Dkt. 5.) On March 15, 2023, Plaintiff filed her Amended Complaint. (Dkt. 6.) On July 20, 2023, the Court *sua sponte* dismissed Plaintiff's Amended Complaint, and a judgment was entered on July 21, 2023 closing the case. (*See* July 20, 2023 Mem. & Order, Dkt. 8; July 21, 2023 Clerk's Judgment, Dkt. 9.) On August 11, 2023, Plaintiff filed a letter Motion for Reconsideration, which the Court liberally construes as a motion to vacate the judgment pursuant to Rule 59(e) of

the Federal Rules of Civil Procedure.¹ (*See* Mot. for Recon., Dkt. 10.) For the reasons discussed below, Plaintiff's motion is denied.

## DISCUSSION

A motion to alter a judgment pursuant to Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.,* 524 Fed. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "'well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

---

¹ Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. *See Shearard v. Geithner,* No. 09-CV-963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Local Rule 6.3 provides that a notice of motion for reconsideration or re-argument of a court order shall be served within 14 days after the entry of the judgment. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." If the Rule 59(e) motion is not timely filed, then the motion to reconsider will be treated as a Rule 60(b) motion. *See United States v. Clark,* 984 F.2d 31, 32 (2d Cir. 1993). Whether the Court considers Plaintiff's motion under Rule 59(e), Rule 60(b) or Local Rule 6.3, the result is the same.

Plaintiff's motion for reconsideration fails to point to any authority or evidence that the Court overlooked in dismissing the action.[2] To the contrary, Plaintiff argues that her case should not have been *sua sponte* dismissed because she has submitted "irrefutable conclusive documentary evidence," to "reveal with [sic] illegal establishment and use of improper agency, tampering with contracts, issuing perjury, deceit, burglary, deceit, conspiracy, issuing yin yang commercial invoices and a series of unconstitutional lawbreaking behaviors." (*See* Mot. for Recon., Dkt. 10, at 2.)  Thus, because Plaintiff is relying on her previous pleadings only, which the Court thoroughly reviewed and dismissed, and Plaintiff does not point to any controlling decision that the Court overlooked, she has not established any grounds for granting her motion for reconsideration under Rule 59(e).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  August 22, 2023
       Brooklyn, New York

---

[2] The Court incorporates the discussions from its February 13, 2023 and July 20, 2023 Memorandum & Orders regarding the deficiencies of Plaintiff's original Complaint and Amended Complaint.

3